IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3184-BO

| | |
|---|---|
| ICSCHON ZAQUAN JONES, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVE A. CLOUTIER, et al., )<br>Defendants. ) | O R D E R |

Plaintiff who is in custody on the North Carolina Department of Correction brought this action pursuant to 42 U.S.C. § 1983. After the original complaint was filed, plaintiff also filed a motion to amend. Both the complaint and motion to amend, allowed as of right, were allowed to proceed. Now before the court are the three defendants, Dave A. Cloutier, B.H. Canady, and L Young with a motion to dismiss pursuant to 12(b)(1) and 12(b)(6). Plaintiff has responded, and the matter is ripe for determination.

Under Rule 12(b)(1), when the movant challenges the truth of jurisdictional facts alleged in the complaint, the court may consider relevant evidence to resolve the factual dispute. Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir.1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged."); Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir.1988) ("If a motion to dismiss for lack of subject matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute."); Schultz v. United States, 92 Fed. Cl. 213, 214 n.1-2, 218 (2010).

As such, to resolve a Rule 12(b)(1) motion, the court may consider matters outside the pleadings. Id.

On March 18, 2008, defendants, attempting to execute a warrant for plaintiff's arrest on charges of attempted murder and discharging a firearm into an occupied vehicle, went to the residence of plaintiff's mother. (See generally Compl and Mem. in Supp. of Mot. to Dismiss, Ex. 1, Ex. H-I) The residence is owned by the Goldsboro Housing Authority. (Mem. in Supp. of Mot. to Dismiss, Ex. 6). Plaintiff's mother, Darnette Jones, resides in the home where the search occurred and gave defendants consent to search her home. (Compl.) Within the home and during the execution of the warrant, defendants found a safe containing drugs and a weapon. (Compl.)

On September 1, 2008, plaintiff was indicted on charges of attempted first degree murder, discharging of a weapon into an occupied vehicle, possession of a stolen firearm, two counts of possession of a firearm by a felon, maintaining a dwelling or vehicle for the purpose of keeping or selling controlled substances, and possession of marijuana, possession of cocaine. (Mem. in Supp. of Mot. to Dismiss, Ex 1) Plaintiff entered into a plea agreement in which he pled guilty to one count of discharging a firearm into an occupied vehicle and agreed to cooperate and provide truthful testimony in exchange for the dismissal of the other charges. (Id., Ex. 3)

Plaintiff contends violations of his Fourth Amendment from the search and seizure of the residence and locked safe at 427 Denmark Street, Goldsboro, North Carolina. Plaintiff admits he did not own the residence and was not present at the time fo the search. (Compl.) In fact, plaintiff had been notified prior to the search that he was "no longer . . . allowed in or on any property or premises owned by the Housing Authority of the City of Goldsboro." (Mem. in

Supp. of Mot. to Dismiss, Ex. 5, Ban Letter from Housing Authority of the City of Goldsboro, NC)

To challenge a search under the Fourth Amendment, an individual must be able to show that he has standing. Thus, he must show he had a "legitimate expectation of privacy" in the area searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978); see also United States v. Salvucci, 448 U.S. 83, 91-92 (1980). To successfully make this showing, the individual must have a subjective expectation of privacy, and that subjective expectation must be reasonable. Katz v. United States, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). A legitimate expectation of privacy is usually demonstrated by showing that the defendant had some property or possessory interest in the area searched. Rakas, 439 U.S. at 148.

In this matter, plaintiff states that it was not his residence, not his safe, and he was not there at the time. (Compl., Ex. 1 to Mem. in Support) His mother was at the home which was leased in her name. She gave consent to search the apartment. Accordingly, plaintiff lacks standing to contest the search of the house and seizure of the safe and its contents. See , e.g. Ubele v. United States, 2009 WL 909617 (S.D. Ga 2009); United States v. Chaves, 169 F.3d 687, 691 (11th Cir.1999) ("mere possession of a key to the premises is not sufficient to establish a legitimate expectation of privacy"); United States v. Baron-Mantilla, 743 F.2d 868, 870 (11th Cir.1984) (per curiam).

For the above stated reasons, the motion to dismiss is ALLOWED (D.E. # 16), the motions for appointment of counsel ( D.E. # 21 and #22) are DENIED as MOOT, and the Clerk is DIRECTED to close the case.

3

SO ORDERED, this the \_1\_ day of March 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE